# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20864-Cr-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FLORIDA WEST INTERNATIONAL
AIRWAYS, INC., *et al.*,

    Defendants.

_____/

## ORDER GRANTING FLORIDA WEST'S MOTION
## FOR CONSENT ENTER PLEA OF *NOLO CONTENDERE*

THIS MATTER is before the Court on Defendant Florida West International Airways, Inc.'s Motion for Consent to Enter Plea of *Nolo Contendere* (ECF No. 249). "A *nolo contendere* plea is . . . a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency." *Blohm v. C.I.R.*, 994 F.2d 1542, 1554 (11th Cir. 1993) (internal quotation omitted). Federal Rule of Criminal Procedure 11(a)(3) permits a court to accept a plea of *nolo contendere* after considering "the parties' views and the public interest in the effective administration of justice."

Here, the Government opposes Florida West's request to enter a plea of *nolo contendere*. The Government's primary argument against permitting a *nolo* plea is that such a plea would "undermine the enforcement objects of the Antitrust Division's Corporate Leniency Program that encourages self-reporting of anti-competitive conduct." (Gov't's Opp'n Mot. 6, ECF No. 250.) The Government also argues that allowing a *nolo* plea would permit Florida West to avoid the negative effects that a guilty plea would have on future civil actions. (*Id.* 4-5 nn. 7,8.)

The facts of this case present an extremely unique situation. Florida West is charged with being involved in a price-fixing conspiracy with other air cargo carriers. According to the Government, Florida West participated in this conspiracy through its officers and agents, including its highest ranking commercial officer, Rodrigo Hidalgo. (Gov't's Opp'n Mot. 11, ECF No. 250.) As it turned out, however, unbeknownst to Florida West, Hidalgo was secretly working for another company called LAN Cargo, S.A. LAN Cargo entered into an agreement with the Government, pleading guilty to being part of the same air cargo price-fixing conspiracy as Florida West. Part of LAN Cargo's plea agreement was that it received immunity for certain employees. This Court found that Hidalgo was a secret LAN Cargo executive and thus immune from prosecution for his actions with both LAN and Florida West. (Report & Recomd'n, ECF No. 191, adopted at ECF No. 219.)

On June 1, 2012, this Court held a hearing on this issue. Counsel for the Government conceded that in his twenty-plus year career with the Department of Justice, there was not a single case where he had agreed that a *nole contendere* plea would be appropriate. The Government's rote opposition to the entry of a *nolo* plea is noted but is not helpful. If the Government were able to provide the Court with examples of other cases where *nolo* pleas were not opposed and perhaps distinguish those cases from this one, the Government's opposition here might be more compelling. The U.S. Attorney's Manuel provides that acceptance of a plea of *nolo contendere* should be opposed except in unusual circumstances. U.S. Attorneys' Manuel, 9-27.500, 1997 WL 1944715 (Sept. 2006).

It is difficult to imagine a case involving more unusual circumstances. Much of Florida West's liability appears to be attributed to Hidalgo, who is immune from prosecution because he was a *secret* executive of another company. In other words, the Government is seeking to hold

Florida West partially responsible for the acts of a person who was actively deceiving Florida West. The fact that this case literally involves cloak and dagger-like facts makes it highly unlikely that permitting Florida West to enter a *nolo* plea will have any effect on the Government's Corporate Leniency Program going forward.

The Government's arguments about the negative effects of a *nolo* plea on subsequent civil actions rings hollow. At this time neither party has been able to identify a single pending civil action. Given that this matter has been ongoing for several years, it would seem that the statute of limitations for bringing such an action has since passed. Allowing a plea of *nolo contendere* will not allow Florida West to escape criminal liability and the Court will retain full discretion at sentencing to impose any penalty and fine that it deems appropriate.

Having considered the motion, the parties' views, the record, the public interest in the effective administration of justice, and the relevant legal authorities, it is ORDERED that Defendant Florida West International Airways, Inc.'s Motion for Consent to Enter Plea of *Nolo Contendere* (ECF No. 249) is GRANTED. The Government's Motion for Clarification (ECF No. 271) is DENIED as moot. Issues relating to Florida West's sentencing will be addressed at the plea hearing scheduled for July 23, 2012.

**DONE and ORDERED** in chambers, at Miami, Florida, on July 20, 2012.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*